UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

**ANDREW S. WELCH,**

        Plaintiff,

    v.

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**,

        Defendant.

No. 6:13-cv-01079-MO

OPINION AND ORDER

**MOSMAN, J.**,

## I. Introduction

Plaintiff Andrew Welch seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Mr. Welch's application for Disability Insurance Benefits (DIB) and found him ineligible for Supplemental Security Income (SSI) payments. Petitioner claims the ALJ erred by not properly providing specific and legitimate reasons for discounting the treating physician's opinion, and did not reasonably evaluate the opinions of an additional examining physician and reviewing physician. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). I find that the Administrative Law Judge's (ALJ) decision is supported by substantial evidence and was properly evaluated; therefore, this Court **AFFIRMS** the decision of the Commissioner.

## II. Background

Mr. Welch claims that he has been disabled since June 30, 2008, when rheumatoid arthritis began to limit his ability to work. Tr. 14.[1] Mr. Welch alleges that his pain can be so extreme that he is unable to leave the house, go shopping, or spend any significant time on the computer. Tr. 55-56. The rheumatoid arthritis manifests itself throughout his body; from his shoulder, knuckles, wrists, and elbows. Tr. 44. Plaintiff first sought treatment for his condition in September 2008. Tr. 14. He filed his most recent application for SSI on July 3, 2009 and for DIB on July 6, 2009. The applications were denied both initially and on reconsideration.

An ALJ held a hearing on January 31, 2012. At the hearing, Mr. Welch was represented by counsel. Mr. Welch and a vocational expert (VE) testified at the hearing.

---

[1] Citations to the official administrative record are referred to as "Tr."

1 – OPINION AND ORDER

**III.    Discussion**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. § 416.920. Each step is potentially dispositive. In Step One, the claimant is not considered disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *See Yuckert*, 482 U.S. at 140; *see also* 20 C.F.R. § 416.920(b). The ALJ found that Mr. Welch has not been engaged in a substantial gainful activity since June 30, 2001. Tr. 13. This is not in dispute.

In Step Two, the claimant is not considered disabled if the Commissioner determines the claimant has no "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; *see also* 20 C.F.R. § 416.920(c). The ALJ found that Mr. Welch's rheumatoid arthritis is a severe impairment. Tr. 13. This is not in dispute.

In Step Three, the claimant is considered disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(d). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments). The ALJ's finding that Mr. Welch's rheumatoid arthritis does not meet or is not medically equivalent to any of the impairments on the Listings is undisputed.

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.945(a); *see also* SSAR 96-8, 61 Fed.Reg. 128 (July 2, 1996). In Step Four, the claimant is not considered disabled if the Commissioner determines the claimant's RFC enables him to perform work he has done in the past. *Yuckert*, 482 U.S. at 141–42; *see also* 20 C.F.R. § 416.920(e). The ALJ found that Mr. Welch is not capable of performing past relevant work. This is not disputed.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141–42; *see also* 20 C.F.R. § 416.920(e), (f). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 146 n.5; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is not considered disabled. 20 C.F.R. § 416.920(f). After careful consideration of the entire record, which included the testimony of a VE, the ALJ found that Mr. Welch has the RFC to perform a limited range of light work, with a few limitations to the kind of work he can perform. Mr. Walsh contests this finding.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42

U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. *Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1457 (9th Cir. 1995). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039–40.

Mr. Welch alleges that the ALJ erred by not properly providing specific and legitimate reasons for discounting the opinion of his treating physician, Dr. Han's, and did not reasonably evaluate the opinions of an examining physician, Dr. Brewster, and reviewing physician, Dr. Berner. I will address each of Mr. Welch's allegations in turn.

## IV. Analysis

### A. Did the ALJ Properly Discredit the Recommendations of the Treating Physician, Dr. Kwanghoon Han?

In July 2009, Mr. Welch's treating physician, Dr. Kwanghoon Han, completed a rheumatoid arthritis impairment questionnaire concerning Plaintiff. In this questionnaire, Dr. Han notes that he has been treating Mr. Welch every two or three months since October 2008, and diagnosed him with rheumatoid arthritis. Tr. 15. This condition causes him chronic pain, stiffness and swelling of joints, and fatigue. *Id.* He determined that, within an eight-hour day, Mr. Welch can sit for three hours, can stand and/or walk for two hours, must move around every fifteen minutes, while also recommending a number of additional mobility and lifting limitations. *Id.* He also determined that Mr. Welch's pain and fatigue can interfere with his jobs and hypothesized that Plaintiff would likely be absent from work "more than three times a month due to treatment; and, he cannot perform pushing, pulling, kneeling, bending, or stooping." *Id.*

The ALJ properly rejected the opinion of Dr. Han. "[T]he opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). When medical evidence is conflicting, the Secretary must determine credibility and resolve the conflict. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Although Mr. Welch did not challenge the ALJ's credibility determination in his opening brief, such determinations are upheld if supported by substantial evidence in the record and cannot be second-guessed. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002). Since Mr. Welch did not address this credibility determination, he has waived this issue and his lack of credibility is to be considered among the factors this court can consider when reviewing the ALJ's determination. *Id.* The ALJ found that Mr. Welch's work history "weakens his credibility," Tr. 17, and observed that the "record reflects the claimant is not [as] functionally limited as he alleges." *Id.* "The record contains several inconsistencies that reflect unfavorably on the claimant's credibility." *Id.*

Although a treating physician's opinion is given deference, the ALJ is allowed to reject that opinion in favor of a conflicting opinion of an examining physician if the ALJ makes findings that set forth specific and legitimate reasons for doing so. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Plaintiff asserts that Dr. Han's opinion was uncontradicted. But Dr. Han's assessment of Plaintiff's inability to sustain full-time work, Tr. 315-21, 338, 340, runs contrary to the assessments made by Drs. Brewster, Tr. 329-30, and Berner, Tr. 88-89. Dr. Han's recommendations also conflicted with the observations made during the Cooperative Disability Investigation (CDI), Tr. 352-59, as well as the testimony of Plaintiff regarding his own ability to work, Tr. 15, 17, and his reported daily activities. Tr. 15-17. This evidence is proof that Dr. Han's testimony was indeed, contradicted, and therefore properly evaluated on the specific and legitimate standard discussed above. *See Bayliss*, 427 F.3d at 1216 (9th Cir. 2005).

Mr. Welch alleges that the ALJ did not provide specific enough reasons for discounting Dr. Han's testimony. The ALJ meets this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751 (9th Cir. 1989) (citation and quotation omitted). The ALJ rejected Dr. Han's opinions regarding Mr. Welch's capacity, since his opinion was contrary to information Plaintiff provided Dr. Brewster about his work history, as well as his ability to drive for four hours and watch TV for four hours. Tr. 15. Additionally, the ALJ found that Dr. Han's opinion was not supported by Mr. Welch's own testimony at the hearing that he could walk a mile to the grocery store and go bowling. Tr.15. The ALJ also noted that Dr. Han's opinions were inconsistent with the CDI, which suggests "a higher level of functioning." Tr. 15. The CDI investigation the ALJ relied on was conducted in June 2010 by Special Agents Boring and LeFebvre concerning Mr. Welch's Social Security claims. They interviewed Mr. Welch at his home and observed that he did not walk with a limp or with any kind of shuffle step. Tr. 358. He also did not use any assistive walking device, such as a cane or walker. *Id.* While walking to his vehicle, the Agents observed Mr. Welch walk down two flights of stairs without using the handrail to assist with his mobility or balance. *Id.* They also observed him bend backwards in order to reach paperwork located above the driver side visor. The agents reported that "none of the maneuvers performed by WELCH appeared to have caused him any discomfort or viable pain." *Id.*

According to the ALJ, the medical evidence did not support the degree of symptom severity that Mr. Welch alleged. Tr. 14-16. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *See Andrews*, 53 F.3d at 1039. Since the reviewing court may not substitute its judgment for that of the Commissioner, *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (*see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001)), and the fact that the ALJ took into consideration the record as a whole, and gave specific, clear, and convincing reasons for discounting Dr. Han's medical opinion, I find that the ALJ properly discounted Dr. Han's recommendations.

**B. Did the ALJ Reasonably Evaluate the Opinion of an Examining Physician, Dr. Brewster?**

In December 2009, Dr. Ken Brewster conducted an examination of Mr. Welch. Mr. Welch informed Dr. Brewster about his rheumatoid arthritis symptoms, alleging an onset of these symptoms in 2007. Tr. 16. Dr. Brewster noted that Plaintiff did not use a cane or brace during the exam. *Id.* Dr. Brewster also observed that Mr. Welch walked without a limp, sat without position changes for ten minutes, and transferred on-and-off the exam table without difficulty. *Id.* No x-rays were taken. *Id.* Dr. Brewster determined that Mr. Welch could walk and/or sit for six hours in an eight hour day with fifteen minute breaks every two hours. *Id.* Dr. Brewster did not impose any sitting restrictions and did not believe that an assistive device was medically necessary. *Id.* No lifting, carrying, postural, or manipulative or environmental restrictions were imposed. *Id.*

The ALJ gave weight to Dr. Brewster's opinion as a medical doctor who personally examined Mr. Welch and assessed his limitations. Tr. 16. However, the ALJ determined that Mr. Welch's testimony and the medical record supported a finding that he is slightly more limited than Dr. Brewster found. Thus, the ALJ limited Plaintiff's RFC to take into account for the pain, fatigue, and inflammation caused by his condition. *Id.*

The inquiry this court must make is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971), *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982). The Commissioner's findings are upheld if "supported by inferences reasonably drawn from the record and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec.,* 359 F.3d 1190, 1194 (9th Cir. 2004) (internal citations omitted). In his decision, the ALJ explained with specificity the reasons why he made his RFC determination. The ALJ relied on the collective testimonies of Drs. Han, Brewster, and Berner, the CDI report, and Mr. Welch's testimony at this hearing, as well as medical evidence in the record, to determine that Mr. Welch has the capacity to perform light work. Tr. 14–17.

The ALJ developed the record and articulated the reasons why he determined that Mr. Welch is slightly more limited than Dr. Brewster found. Tr. 16. He cited Plaintiff's testimony where Welch stated that "his condition causes him pain and fatigue in his hips and shoulders," Tr. 16, and the objective medical evidence that Plaintiff has joint pain and inflammation. *Id.* Although the ALJ did not develop the record with as much specificity regarding this determination, his pages of explanation leading up to this conclusion give weight to his determination that Mr. Welch's pain and inflammation should be considered in his RFC. An ALJ has a "special duty to fully and fairly develop the record," *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir. 1983), however that duty "is only triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted). "[I]n reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453. Where the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld, even where the evidence can support either affirming or reversing the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). It is a puzzle why the Plaintiff made this objection, however the ALJ's decision was logically supported by the substantial evidence before him, thus his determination was properly made.

### C. Did the ALJ Reasonably Evaluate the Opinion of the Reviewing Physician, Dr. Berner?

In July 2010, Dr. Neal Berner completed a "physical residual functional capacity" on Mr. Welch and submitted this report to the State Disability Determination Services (DDS).  *Id.*  Dr. Berner determined that Mr. Welch can occasionally carry or lift twenty pounds and can frequently lift or carry ten pounds.  *Id.*  He also recommended that Mr. Welch can stand or walk for six hours in an eight hour day, can sit for approximately six hours, and has no manipulative or postural limitations.  Dr. Berner recommended that Mr. Welch avoid extreme heat and cold and should avoid concentrated exposure to vibrations.  Tr. 16.

The ALJ gave some weight to Dr. Berner's opinion as a medical doctor who reviewed Mr. Welch's medical records from other physicians.  Tr. 16.  However, the ALJ determined that the record did not support any environmental limitations.  *Id.*  Opinions of non-treating and non-examining physicians may serve as substantial evidence when those beliefs are consistent with independent clinical findings or other evidence in the record.  *Thomas,* 278 F.3d 957 (9th Cir. 2002). However, the "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion of brief, conclusory, and inadequately supported by clinical findings." *Id.* (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  Here, the ALJ correctly found that the record does not support any environmental limitations for Mr. Welch.  None of the other physicians called for an environmental limitation, which is ultimately not supported by the record as a whole.  The record supports the ALJ's finding that Mr. Welch does not require any environmental limitations.

### V.  Conclusion

This court has found that the ALJ's decision is supported by substantial evidence, and therefore should not be disturbed per 42 U.S.C. § 405(g); thus remand is not appropriate.  Mr. Welch has not proven that the Commissioner's decision was made in error or resulted in harm to a substantial right.  The Commissions' determination was supported by substantial evidence and is free from legal error.  For these reasons, I **AFFIRM** the decision of the Commissioner.

IT IS SO ORDERED.

DATED this 30 day of September, 2014.

/s/Michael W. Mosman

MICHAEL W. MOSMAN
United States District Judge